IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,<br><br>      Plaintiff,<br><br>  vs.<br><br>ISLAND CEMENT, LLC, et al.,<br><br>      Defendants.<br>_____ | Civ. No. 09-00351 DAE-BMK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BE GRANTED |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BE GRANTED

      Before the Court is Plaintiff Trustees of the Estate of Bernice Pauahi Bishop's Petition for Determination of Good Faith Settlement. The Court heard this Motion on November 4, 2010. After careful consideration of the Petition, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that the Petition be GRANTED.

DISCUSSION

      Plaintiff argues that its settlement with C. Brewer and Company, Ltd., Brewer Environmental Industries Holdings, Inc., and Brewer Environmental Industries LLC (collectively, "Brewer") was made in good faith and that Defendants Island Cement, LLC and its Guarantors (collectively, "Defendants")

are not entitled to offset their liability by the settlement amount reached between Plaintiff and Brewer. Defendants counter that the settlement was not reached in good faith and that they are entitled to an offset of their liability by the settlement amount.

      A.     Whether the Settlement Was Made in Good Faith

Under Hawaii law, "any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors or co-obligors." Haw. Rev. Stat. § 663-15.5(b). In Troyer v. Adams, 102 Haw. 399, 77 P.2d 83 (2003), the Hawaii Supreme Court adopted a "totality of the circumstances" approach for determining whether a settlement was made in good faith under Haw. Rev. Stat. § 663-15.5. The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." Troyer, 102 Haw. at 426, 77 P.2d at 110. Indeed, the drafters "intended the 'good faith' provision merely to provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." Id. "A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue." Haw. Rev. Stat. § 663-15.5(b).

According to the Troyer court, in determining whether a settlement was made in good faith,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medial malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

102 Haw. at 427, 77 P.2d at 111. These factors are not exclusive, and trial courts may consider any other relevant factor. Id.

Haw. Rev. Stat. § 663-15.5 applies to the settlement here because it applies to "one or more co-obligors who are mutually subject to contribution rights." Haw. Rev. Stat. § 663-15.5(a). As noted by the Troyer court, section 663-15.5 governs "contracts involving co-obligors[] because they are the only types of contracts that implicate contribution and indemnification rights." 102 Haw. at 411, 77 P.3d at 95. In this case, the Complaints filed by Plaintiff against

Brewer, Island Cement, and the Guarantors set forth claims for damages, remediation, indemnification, and contribution based on the Lease, the 2007 Settlement Agreement, the related Assignment and Guaranty, CERCLA, and HERL.  In these documents, Island Cement agreed to indemnify Plaintiff for all claims related to any nonobservance of the Lease covenants, and Island Cement and the Guarantors agreed to indemnify Brewer and to assume Brewer's obligations in the Lease.  Because Defendants are co-obligors under these documents, Haw. Rev. Stat. § 663-15.5 applies here.  Moreover, in light of the claims for property damage, this case concerns "tort" claims to which section 663-15.5 clearly applies.

This Court now turns to the Troyer factors in view of the "totality of the circumstances."  As to the type of case and difficulty of proof at trial, the Court notes that the dispute between Plaintiff and Brewer has been in litigation for four years and involved numerous claims and several lawsuits.  This case is also complex, as it concerns CERCLA and HERL.  Settling this case will resolve this dispute without the expense of trial and will substantially decrease litigation costs.

As to the realistic approximation of total damages Plaintiff seeks, the settlement agreement reflects a fair share of the total damages sought by Plaintiff in its claims against Brewer.  Further, with respect to the strength of Plaintiff's claim

4

and the realistic likelihood of success at trial, orders previously entered in this case indicate that Plaintiff would have a strong case at trial.

The lack of insurance coverage and the insolvency of Defendants further supports a finding that this settlement was reached in good faith. Plaintiff and Brewer were unsuccessful in obtaining coverage for the environmental contamination from the insurance companies that insured the property during the relevant period. Further, Island Cement is insolvent and Guarantors agree they "are likewise insolvent or nearly so." (Opp. at 5.)

Moreover, there is no relationship between Plaintiff and Brewer that would suggest collusion or any other wrongful conduct resulting in the settlement. Nothing in the settlement is aimed at injuring or prejudicing Island Cement and the Guarantors. Island Cement and the Guarantors did not raise claims against Plaintiff or Brewer, and the settlement does not affect the separate claims Plaintiff asserts against Defendants.

After considering the totality of the circumstances and the relevant Troyer factors, the Court finds that the settlement agreement between Plaintiff and Brewer was made in good faith and recommends that the settlement be approved.

      B.     Whether Defendants are Entitled to an Offset

Plaintiff contends that "Island Cement and the Guarantors are not entitled to offset their liability by the settlement amount." Defendants disagree.

Haw. Rev. Stat. § 663-15.5(a) provides that a good faith settlement shall "[r]educe the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater." However, "[t]his subsection shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves." Haw. Rev. Stat. § 663-15.5(a).

In this case, the documents at issue are the 2007 Settlement Agreement between Brewer and Island Cement, the Assignment of Lease between Brewer and Island Cement, and the Guaranty executed by the Guarantors. These documents were previously found by this Court to be valid and binding. (Summary Judgment Order, Doc. 86 at 29 (Island Cement and the Guarantors "are therefore liable under the Assignment of Lease"), 30-31 ("the Settlement Agreement was a valid and binding contract between Brewer and [Island Cement]"), 34 ("there is no genuine issue of material fact surrounding the validity and applicability of the Settlement Agreement, Assignment of Lease, [and] Guaranty Agreement."))

In the original Lease between Plaintiff and Brewer, Brewer agreed to various terms and covenants, including to "indemnify [Plaintiff] against all actions, suits, damages and claims by whomsoever brought or made by reason of the non-observance or nonperformance of said laws, ordinances, rules and regulations or of this covenant."  (Ex. C at 8.)

In the 2007 Settlement Agreement between Brewer and Island Cement, Island Cement agreed to provide executed copies of an Assignment of Lease and a Guaranty.  (Ex. D at 2.)  In the Assignment of Lease between Brewer and Island Cement, Island Cement agreed to "faithfully observe and perform all of the covenants and conditions contained in the Lease [between Plaintiff and Brewer] which are or ought to be observed and performed by [Brewer]."  (Ex. F at 3.)  It also agreed to indemnify Plaintiff.  (Id.)  Importantly, Island Cement agreed to "assume responsibility for, and [to] relieve [Brewer] of any liability for, any loss, damage, cost, expense or liability, direct or indirect, arising out of or attributable to the violation by [Brewer]."  (Id. at 4.)  Therefore, Island Cement agreed to relieve Brewer "of any liability" attributable to violations by Brewer.

In the Guaranty, the Guarantors agreed "that an unconditional guaranty is provided to Brewer."  (Ex. G at 1.)  The Guarantors agreed to the following:

>  Guarantor hereby absolutely and unconditionally guarantees and promises to Brewer the due, punctual and full performance by Island Cement of each and all of the covenants, obligations, liabilities and promises of Island Cement under the Agreement, the Assignment, and . . . the Lease, <u>with the intent that the liability of Guarantor hereunder shall be the same as if Guarantor were named as Island Cement in the Agreement, Lease and Assignment</u> during the Guaranty Term.

(<u>Id.</u> at 2 (emphasis added).)

In sum, Brewer agreed in the original Lease to indemnify Plaintiff for all claims and damages arising out of the nonobservance or nonperformance of the Lease terms and covenants.  In the Assignment of Lease, Island Cement assumed Brewer's full liability for the relevant period, and in the Guaranty, the Guarantors assumed Island Cement's full liability.  Inasmuch as the parties assumed each other's full liability for losses or claims and because the claims settled between Plaintiff and Brewer are different from the claims against Defendants, the exception to the offset in Haw. Rev. Stat. § 663-15.5(a) applies here.  Accordingly, Island Cement's and the Guarantor's liability shall not be reduced by the settlement amount.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Petition for Determination of Good Faith Settlement be GRANTED.

DATED:  Honolulu, Hawaii, December 16, 2010.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Trustees of the Estate of Bernice Pauahi Bishop v. Island Cement, LLC, et al., Civ. No. 09-00351 DAE-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT BE GRANTED.