Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
MEI-FEI KUO                7377-0
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i  96813
Telephone:     (808) 524-1800
Facsimile:     (808) 524-4591
E-mail:   palston@ahfi.com
          mkuo@ahfi.com

Attorneys for Plaintiffs
TRUSTEES OF THE ESTATE OF
BERNICE PAUAHI BISHOP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ISLAND CEMENT, LLC, CHARLES LEE HARLAN, ROSE MARIE ORNELLAS HARLAN, DAVID KNITTLE, KEVIN BALOG, and DEBORAH DE LUZ-BALOG,<br><br>            Defendants. | Case No. CV 09-00351 JMS BMK<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR (1) AWARD OF DAMAGES AND (2) ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS ISLAND CEMENT LLC, CHARLES LEE HARLAN, AND ROSE MARIE HARLAN, FILED ON JULY 6, 2012**<br><br>Hearing Vacated By Minute Order, dated August 20, 2012<br><br>Hon. Judge:   Barry M. Kurren |

**FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR (1) AWARD OF DAMAGES AND (2) ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS ISLAND CEMENT LLC, CHARLES LEE HARLAN, AND ROSE MARIE HARLAN, FILED ON JULY 6, 2012**

Plaintiffs Trustees of the Estate of Bernice Pauahi Bishop ("Plaintiffs"), by and through their attorneys Alston Hunt Floyd & Ing, hereby submit the following Findings and Recommendations on Plaintiffs' Motion for (1) Award of Damages and (2) Entry of Default Judgment Against Defendants Island Cement LLC ("Island Cement") and Charles Lee Harlan and Rose Marie Harlan (collectively, "Harlan Defendants"), which was filed on July 6, 2012 ("Motion for Default Judgment").

In the Motion, Plaintiffs moved the Court for an assessment and award of damages, and an entry of a judgment by default against Defendant Island Cement and the Harlan Defendants on all claims in the Complaint, which was filed on July 29, 2009. Defendant Island Cement and the Harlan Defendants did not file any Opposition to the Motion for Default Judgment.  Therefore, on August 20, 2012, the Honorable Judge Barry M. Kurren issued a Minute Order vacating the hearing, and finding and recommending that the Motion for Default Judgment be GRANTED.

<u>FINDINGS</u>

Having reviewed the Motion for Default Judgment and considering the documents and evidence submitted in support thereof, and the files and records herein, and good cause appearing therefore, the Court finds and concludes as follows:

2

**A.    Jurisdiction and Venue**

      1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  This case presents claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613 and related state law claims that involve the same essential nucleus of operative facts.

      2.    Venue is appropriate under 28 U.S.C. § 1391 and CERCLA § 113(b), 42 U.S.C. § 9613(b), because all of the events and omissions giving rise to the claims in the Complaint occurred in this district and the property that is the subject of the CERCLA claims asserted in this action is located in this district.

**B.    Parties, Complaints, and the Harlan Defendants' Failure to Answer the Complaint**

      3.    Plaintiffs are the Trustees of the Estate of Bernice Pauahi Bishop, a charitable educational trust.  The trust is a citizen of Hawai`i with its principal place of business in Honolulu, Hawai`i.

      4.    Defendant Island Cement is a Hawai`i limited liability company with its principal place of business in Kealakekua, Hawai`i.

      5.    Defendant Charles Lee Harlan is a Hawai`i citizen and the manager and a member of Island Cement.

6. Defendant Rose Marie Ornellas Harlan is a Hawai`i citizen and a member of Island Cement.

7. On November 14, 2006, Plaintiffs filed a Complaint in *Trustees of the Estate of Bernice Pauahi Bishop v. Brewer Environmental Industries, LLC, et. al.* (CV No. 06-00612 HG-LEK) ("*KS v. Brewer* action") against Brewer[1] arising from the discovery of hazardous substances on Plaintiffs' property located at 187 Silva St., Hilo Hawai`i ("Property").

8. Plaintiff acquired title to the Property from Brewer in 1984 and immediately leased the Property back to Brewer.

9. On December 9, 2008, Plaintiffs filed a Complaint in *Trustees of the Estate of Bernice Pauahi Bishop v. Island Cement, LLC, et. al.* (CV No. 08-558 HG-LEK) against Island Cement and the Guarantors.  This second action was consolidated with the *KS v. Brewer* action.

10. On July 29, 2009, Brewer filed the instant action against Island Cement and the Guarantors ("*Brewer v. Island Cement* action") raising claims against Island Cement and the Guarantors to enforce the contractual obligations and liabilities assumed by Island Cement and the Guarantors under certain Agreements.

---

[1] In this proposed Findings and Recommendations, C. Brewer and Company, Ltd., Brewer Environmental Industries Holdings, Inc., and Brewer Environmental Industries LLC are collectively referred to as "Brewer".

11.   Plaintiffs and Brewer eventually entered into a settlement agreement in the consolidated *KS v. Brewer* actions and, part of that settlement agreement, Brewer assigned their rights and claims in this case against Island Cement and its Guarantors to Plaintiffs.  Exh. "B" to Motion for Default Judgment, Stipulation and Order Regarding Dismissal of Action and Preservation of Claims, filed September 20, 2012, at 3-6.

12.   Defendant Rose Marie Harlan was served with the Complaint on November 2, 2009.  Exh. "C" to Motion for Default Judgment, Return and Acknowledgment of Service, filed November 5, 2009.

13.   As permitted by an October 23, 2009 Order Granting Brewer's Motion for an Order for Service of Summons by Publication, Defendant Charles Harlan was served by publication on November 18, 2009 with an appearance date of December 22, 2009.  Exh. "D" to Motion for Default Judgment, Order for Service of Summons by Publication and Exh. "E" to Motion for Default Judgment, Proof of Publication.

14.   The Harlan Defendants never answered or otherwise responded to the Complaint filed by Brewer in this action.  On February 20, 2010, the Clerk of the Court filed Entries of Default against the Harlan Defendants.  Exh. "F" and "G" to Motion for Default Judgment.

15. On March 15, 2011, counsel for Island Cement filed a Motion to Withdraw as Attorney, which was granted by the Court on March 17, 2011.

**C.   Factual Background on Lease and Relevant Agreements**

16. The Property was leased to Brewer by Plaintiffs in a lease entered in 1984 ("Lease").

17. The Lease required, among other things, that the Lessee (and its assignees) to pay rent, observe applicable laws (including environmental laws); keep the property good order and condition; and indemnify Plaintiffs for all actions, suits, claims, loss, damages, and costs and expenses related to any nonobservance or nonperformance of the law and breach of the Lease covenants. Exh. "H" to Motion for Default Judgment, Lease at ¶¶ 7, 8, 9, 10, 16, and 17.

18. Paragraph 16 of the Lease provided that the Lessee "will indemnify and hold Lessors harmless from and against all claims and demands for loss or damage, including property damage" and "will reimburse Lessors for all their costs and expenses including reasonable attorneys' fees incurred in connection with defense of any such claims". *Id.* at ¶ 16.

19. Under Paragraph 17 of the Lease, the Lessors are entitled to reimbursement of "all costs and expenses including reasonable attorneys' fees paid or incurred by Lessors . . . in enforcing any of Lessee's covenants herein contained, in

protecting themselves against any breach thereof, in remedying any breach thereof . . ." *Id.* at ¶ 17.

20. On January 17, 2006, Brewer entered into an agreement to assign the Lease to Defendant Island Cement and Defendant Island Cement began occupying the Property on or about January 2006 and continued through September 2008.

21. Island Cement became delinquent on its rent and other related charges while occupying the Property. As a result, Brewer filed a separate action in the State Third Circuit Court, *J. Alan Kugle v. Island Cement LLC* (Civil No. 3RC 7-1-080)("State Action").

22. In April 2007, Brewer and Island Cement, through its Manager Charles Harlan, entered into a Settlement Agreement to resolve the State Action. Exh. "I" to Motion for Default Judgment, Settlement Agreement.

23. Thereafter, Island Cement and its Guarantors entered into a Settlement Agreement, the Assignment, a Guaranty, and other contractual obligations (collectively, the "2007 Agreements") with Brewer to carry out the terms of the original 1984 Lease with Plaintiffs.

24. By and through these Agreements, Island Cement and the Guarantors agreed to indemnify Brewer and to assume all of Brewer's obligations, liability, and responsibilities in the Lease, including the responsibility for both pre-existing and future environmental contamination on the Property.

25. On April 2, 2007, Island Cement and Brewer entered into the Assignment of Lease "for and during the full unexpired term of the Lease".  Exh. "K" to Motion for Default Judgment, 2007 Assignment at pg. 2.

26. In the Assignment, Island Cement agreed to observe and perform all covenants and conditions contained in Lease and to indemnify Brewer and Plaintiffs against "the nonobservance of the covenants and conditions contained in the Lease" and for damages, costs, and liabilities related to environmental contamination on the Property.  Exh. "K" to Motion for Default Judgment, 2007 Assignment at pgs. 1 and 2 at ¶¶ (a),(b), and (c).

27. In the Assignment, Island Cement further assumed a new, separate, and independent duty to be responsible and liable for losses and damages related to both pre-existing and future environmental contamination on the Property attributable to both the actions of Brewer or Island Cement and their employees and agents.  *Id.* at ¶ (d).

28. On April 4, 2007, each of the Guarantors, including the Harlan Defendants, executed the Guaranty in their individual capacity.

29. In the Guaranty, the Guarantors, collectively referred to as the "Guarantor",

> absolutely and unconditionally guarantees and promises to [Defendants] the due, punctual and full performance by Island Cement of each and all of the covenants, obligations, liabilities, and promises of Island Cement under the [Settlement]

>           Agreement, the Assignment, upon consent by
>           [Plaintiffs], the Lease, with the intent that the
>           liability of Guarantor shall be the same as if
>           Guarantor were named as Island Cement in the
>           Agreement, Lease and Assignment during the
>           Guaranty Term.

Exh. "L" to Motion for Default Judgment, Guaranty ¶1.

**D.   Parties' Summary Judgments Motions and the Court's Order**

30.  On June 9, 2010, Defendants Kevin Balog, Deborah De Luz-Balog, and David Knittle filed a Motion for Summary Judgment on all claims in the Complaint.

31.  On August 2, 2010, Plaintiffs, as the substitute Plaintiffs for Brewer, filed a Counter-Motion for Summary Judgment.

32.  On September 28, 2010, Island Cement filed a joinder to the Guarantors Balogs and Knittle's Motion for Summary Judgment.

33.  On November 30, 2010, the Court issued an *Order Denying Defendants' Motion for Summary Judgment and Granting Plaintiffs' Counter-Motion for Summary Judgment* ("Order"). Exh. "A" to Motion for Default Judgment, Order.

34.  In the Order, the Court granted summary judgment in favor of Plaintiffs on all claims in the Complaint and held that Island Cement and its Guarantors were liable to indemnify Plaintiffs, both directly and as the assignee of Brewer's claims, for the environmental contamination on the subject property under the Lease, Settlement Agreement, Assignment, and Guaranty. *Id.* at 33-41.

35. In the Order, the Court further directed Plaintiffs to file a separate Motion for Damages to address the extent of their recoverable damages in light of the Court's Order granting summary judgment in their favor. *Id.* at 41.

36. Subsequently, Plaintiffs entered into a settlement agreement with David Knittle, Kevin Balog, and Deborah De Luz-Balog, which is yet to be finalized and includes a settlement payment in the amount of $250,000.00.

37. As a result of this settlement, Island Cement and the Harlan Defendants are the only remaining Defendants in this action.

**E.   Environmental, Litigation, and Contractual Damages of Plaintiffs and Brewer**

38. Plaintiffs and Brewer incurred significant expenses in investigating and remediating the environmental contamination on the Property.

39. These expenses included environmental consultant fees, remediation costs, and attorneys' fees and costs. *See* Motion for Default Judgment at 11-14 and referenced supporting Exhibits.

40. Pursuant to the Agreements, throughout 2008 and into 2010, Brewer invoiced and demanded payment from Island Cement and the Guarantors of the environmental and litigation costs incurred by Brewer and Plaintiffs. *Id.* at 11-12 and referenced supporting Exhibits.

41. To date, Brewer has incurred (1) $289,088.93 in necessary fees for the environmental consultants[2] to investigate the Property, conduct testing and sampling, to draft environmental reports, and to engage in communications with the DOH and (2) another $39,166.04 in fees for a real estate expert to determine value of future rent related to the Lease. *Id.* at 12 and referenced supporting Exhibits.

42. Plaintiffs have incurred approximately $675,000.00 in environmental consultant costs in necessary to investigate the Property, conduct testing and sampling, to draft environmental reports, and to engage in communications with the DOH. *Id.* and referenced supporting Exhibits.

43. From 2008 through 2010, Brewer forwarded to counsel for Island Cement and the Guarantors various invoices from Plaintiffs demanding payment of rent, late fees, taxes, and legal fees of Plaintiffs, which total $877,826.21. *Id.* at 12-13 and referenced supporting Exhibits.

44. However, in breach of the Agreements, Island Cement and the Guarantors ignored these demands and refused to pay the invoices from Plaintiffs. Exh. "J" to Motion for Default Judgment, Kugle Dec. at ¶ 24-25.

---

[2] Except for about $120,000.00 paid by Island Cement (for some of Brewer's environmental consultant fees), Brewer has not received any other payments from either Island Cement or the Guarantors for these outstanding damages related to consultant costs. Exh. "J" to Motion for Default Judgment, Declaration of J. Alan Kugle ("Kugle Dec.") at ¶ 23.

45. Brewer reached a settlement with Plaintiffs in the *KS v. Brewer* action), which in part, required Brewer to provide a $1.68 million cash payment to Plaintiffs to settle the contractual claims raised in Plaintiffs' Complaint. In addition to the cash payments, Brewer must demolish and raze the improvements on the Property, which could cost Brewer well in excess of $1.0 million. *See* Motion for Default Judgment at 13 and referenced supporting Exhibits.

46. The remediation costs that Island Cement and the Guarantors are liable for under the Agreements include not only removing the environmental contamination from the Property, but also (1) the proper sealing of the monitoring wells on the Property and (2) disposal of the drums containing hazardous waste derived from the investigation and testing of hazardous substances, which Plaintiffs estimate will costs approximately $100,000.00. Exh. "M" to Motion for Default Judgment, Declaration of Jack Bennett at ¶ 16.

**RECOMMENDATIONS**

IT IS HEREBY RECOMMENDED that the Motion for Default Judgment is GRANTED and that a Default Judgment shall be entered in favor of Plaintiffs and against Defendant Island Cement and the Harlan Defendants as follows:

(1) Plaintiffs (individually and as the assignee of Brewer's claims in this action) are awarded damages in the amount

of $2,610,081.18[3] to address the remediation of the environmental contamination on the Property and Island Cement and the Guarantors' breach of the Lease and 2007 Agreements.

        (2)  The damages awarded to Plaintiffs, include the following:

            (a)  Plaintiffs' environmental consultant costs in the amount of over $675,000;

            (b)  Brewer's environmental consultant costs in the amount of $168,088.93 ($289,088.93 incurred - $120,000 partial payment from Island Cement);

            (c) $1,000,000 to remediate the environmental contamination on the Property, including demolishing and razing the improvements on the Property;

            (d) $100,000 to properly seal the monitoring wells on the Property and dispose of the drums containing the hazardous wastes;

            (e) $39,166.04 in fees for a real estate expert to determine the value of future rent related to the Lease; and

            (f) $877,826.21 in invoices from Plaintiffs for the period between June 2007 through February 2010, which were forwarded by Brewer to Island Cement and the Guarantors demanding payment of the invoices under the Settlement Agreement.

---

[3] As set forth in the Motion for Default Judgment(at pgs. 17), to date, Plaintiffs and Brewer have incurred more than $2,860,081.18 in damages. The amount of damages sought in this Motion is reduced to $2,610,081.18 to account for the settlement agreement between Plaintiffs and the Settling Guarantors, which requires a settlement payment in the amount of $250,000.00.

(3) In accordance with the Court's Order on the Parties' Summary Judgment Motions, filed on November 30, 2010, Island Cement and the Harlan Defendants are responsible for all these litigation and environmental related damages and costs incurred by Plaintiffs and Brewer under the Lease and the 2007 Agreements. *See* Exh. "A" to Motion for Default Judgment, Order at 33-37.

The judgment shall be entered as a final judgment pursuant to Federal Rules of Civil Procedure Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

DATED:  Honolulu, Hawaii, November 9, 2012.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge

---

*Trustees of the Estate of Bernice Pauahi Bishop v. Island Cement LLC, et al.*, Case No. CV No. 09-00351 JMS-BMK; FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR (1) AWARD OF DAMAGES AND (2) ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS ISLAND CEMENT LLC, CHARLES LEE HARLAN, AND ROSE MARIE HARLAN